## JOHN Q. WHEELER v. WILLIAM STYLES.

A pre-emption claim, under the 1st section of the act of February 13, 1854, "donating to actual settlers on vacant public domain one hundred and sixty acres of land," could only be valid to the extent of one hundred and sixty acres. (Paschal's Dig., Art. 4341.)

If a purchaser of land have paid part of the purchase-money, and taken his vendor's bond to make title so soon as a patent from the State could be procured by the vendor under his pre-emption claim, and the vendor have no pre-emption right to the land and fails to obtain the patent for it, in consequence whereof he is unable to perform his part of the contract, the purchaser is entitled to recover back the purchase-money he has paid, with interest thereon.

In the absence of any allegation of fraud, the measure of damages in a suit by a purchaser to recover purchase-money paid by him on an executory contract for land to which his vendor has no title is the amount of money paid and interest thereon.

If a person have assumed to sell land which is part of the unappropriated public domain, the purchaser, on discovering that such person has no title to the land, may repudiate the contract, recover any purchase-money he has paid under it, and secure the land to himself directly from the State, and this notwithstanding he obtained possession of the land under the contract of purchase. The seller cannot, under such circumstances, be

deemed to have so placed the purchaser in possession as to create between them the relation of vendor and vendee.

The case of Spier v. Laman, (27 Tex., 205,) referred to, and the ruling approved, that a party entering upon public land under contract of purchase from another is not thereby precluded, on ascertaining that his vendor's title was worthless, from claiming adversely to his vendor his own pre-emption upon the land.

The purchaser, under such circumstances, was under no obligation to give to the vendor the right of obtaining title to the land under his (the purchaser's) pre-emption right.

The statement in an affidavit for a continuance for want of evidence, that the materiality of the evidence was not ascertained "until the present term of the court," does not imply that the evidence could not have been procured in time for the trial, nor dispense with a showing of diligent· endeavor to procure it.

It is competent to introduce as evidence against a party such portions of his pleadings in another suit as are pertinent to the issue in the cause on trial. Such other portions of the pleadings as tend to explain or vary the portions introduced against him are admissible in his favor; but if he offered to introduce the whole record of the other cause, when but a small part of it was competent, and failed to point out to the court below the part that was competent, this court will not revise the ruling of the court below excluding the whole of the record.

To enable this court to revise rulings of the court below supposed to be erroneous, it devolves upon the appellant or plaintiff in error to see that the record is so made up that, if there be error, it is apparent upon the record.

APPEAL from Ellis.    The case was tried before Hon. NAT. M. BURFORD, one of the district judges.

The appellee brought this suit on the 4th of January, 1859, to recover from the appellant, with interest, the sum of $160 paid by the plaintiff to the defendant on the 19th of September, 1855, as the purchase of one hundred and sixty acres of land in Ellis county.

The defendant's bond to make title for the land to the plaintiff "so soon as said Wheeler shall get a patent to the same, and said Wheeler shall make every reasonable exertion to procure the same," was filed as part of the petition. It bore date September 19, 1855, and acknowledged the payment of the purchase-money by Styles, for the recovery of which this suit was brought.

16—XXVIII.

In the opinion of this court, the facts of the case, so far as they materially affect the several rulings, are substantially stated.

Verdict and judgment below in favor of the plaintiff for the purchase-money paid by him, with interest thereon at eight per cent. per annum. Motion for a new trial overruled. The defendant appealed, and assigns errors, which are sufficiently indicated in the opinion.

*J. W. Ferris,* for the appellant.

*A. Bradshaw,* for the appellee.

Donley, J.—The bond upon which this action is founded is conditioned, that appellant shall make, or cause to be made, to appellee a good and sufficient title to one hundred and sixty acres of land, the west half of a survey of three hundred and twenty acres made for appellant as his preemption claim, so soon as appellant should obtain a patent to the land, using diligence to procure it.

From the evidence, it appears that Wheeler settled upon the land in December, 1854, or January, 1855. If the land claimed by him were liable to his settlement and pre-emption claim, he was entitled to one hundred and sixty acres only.

The act of February 13, 1854, provides, that "all individuals who have settled upon and improved, or may hereafter settle upon and improve, a portion of the vacant public domain, which has been neither filed upon, entered, located, or surveyed, by virtue of some genuine, legal, and valid certificate, or other evidence of title to land, previous to such settlement and improvement, shall have the privilege of locating and appropriating a tract of such vacant land, not exceeding one hundred and sixty acres, so as to include said settlement or improvement, in preference to all other claims or claimants, and all files, entries, loca-

tions, or surveys made so as to interfere with the preference granted by his act shall be null and void." (Paschal's Dig., Art. 4341.)

The appellant had no title to the three hundred and twenty acres of land.

The appellee acquired no right by his purchase, as appellant retained the one hundred and sixty acres upon which his improvement was situated.

The appellant did not convey to appellee any right to the land, and was unable to do so for want of title to the land. He received money from the appellee without giving anything for it. It is inequitable for him to retain it. He has not complied with his bond, and it clearly appears that he cannot do so. He has elected to recover the money he had paid on the contract and interest. We think, in the absence of any allegation of fraud, this was the true measure of his damage.

It is said, in Chitty on Contracts, 539, "Where money has been deposited or paid on a contract, and before any benefit is derived by the payer, or any part of the contract has been performed by the other party, and the consideration wholly fails, an action may be maintained upon the common count to recover back the amount. Thus, if the purchaser of an estate by auction or private contract pay a sum of money as a deposit, or in part of the purchase-money, and a good title cannot be made out according to contract, such sum of money may be recovered back."

It is, however, alleged in the pleadings, and relied upon in the argument by appellant, that plaintiff prevented the defendant from obtaining the title to the land by appropriating it to himself.

The charge of the court on this point was as favorable to the defendant as the law would authorize. The plaintiff, on discovering that the defendant had no title to the property which he had assumed to sell, might properly secure the land himself. It was the land of the State and

not of the defendant; and the defendant, by assuming to sell the land which was vacant, and of which he was not in actual possession, cannnot be held as having placed the plaintiff in possession, so as to create the relation of vendor and vendee.

In the case of Spier v. Laman, decided at Austin in 1863, (27 Tex., 205,) Laman had gone into possession of the land, claiming under a title drawn from Spier, who had been in possession of the league of land for many years. The land was granted to Spier after the closing of the land office in 1835. In 1848, Spier sold two hundred acres of the land to Willbarger. In 1851, Willbarger sold to Laman, who was in possession in 1853, and had made considerable improvements.

On the 24th of February, 1854, Laman made application to have three hundred and twenty acres of the land surveyed for himself, claiming it as his pre-emption right. In September, 1856, there was an act of the legislature passed, granting to Spier the land surveyed for him as a colonist, in 1835, with a proviso that it should not interfere with the rights of third parties. Suit was instituted by Spier against Laman in January, 1857. Pending this suit a patent was issued to Laman. There was a verdict for Laman, and Spier appealed.

It was contended for Spier, in the argument of the case in this court, that the defendant, having entered into the possession of the land by *mesne* conveyance from the plaintiff, is estopped from setting up the possession under and by virtue of which he seeks to create a right to a pre-emption to the prejudice of his vendor. It was held by this court, that "the fact of Laman having purchased under Spier's title did not preclude him, when he ascertained that this was worthless, and that the land was a part of the public domain, from claiming a pre-emption on it." This opinion is sustained by Cravens v. Brooke, 17 Tex., 268, and Jennings v. De Cordova, 20 Tex., 508.

It appears from the testimony, that in 1858, at the time the surveyor was upon the ground for the purpose of surveying the lands claimed by appellant and appellee, there was some dispute between them as to where the division line should be run. It was finally decided that it should be run as originally agreed between them, that appellant was to perfect the title to the land which he had sold to appellee at his (appellant's) costs, and that appellee should pay to appellant $60, which would have been carrying out the contract as originally made. This arrangement failed in consequence of appellee demanding security of appellant. Appellee was under no obligation to give to appellant the right of perfecting the title to the land under the claim of appellee. It appears that it would have been well for appellant to have accepted; it certainly is a matter of which he cannot here complain.

It is assigned for error, that, 1st, the court erred in overruling the defendant's motion for a continuance. This motion was based on an affidavit, that the defendant could not "go safely to trial for the want of a transcript from the general land office of the affidavit, claim, and field-notes of plaintiff to the land described in the bond sued on; that said evidence is material, and that he did not know the materiality of said evidence till the present term of the court." The affidavit does not state that the evidence could not have been procured in time for the trial at that term of the court, after he was advised that it was material for him to have the testimony. He does not state that he had used any diligence to procure the testimony. Appellant, in his argument in this court, has not designated the error of the court in refusing the continuance.

It is assigned as error, that the court permitted the amended answer and exhibits in another cause to be given in evidence to the jury. The answers alluded to were legal evidence against appellant. It was his statement, made under oath.

It is further relied upon as error, that the court refused to permit all the papers of the cause from which the answer was read to be given in evidence to the jury. There was no error in excluding this testimony.

The plaintiff had read in evidence answers of defendant, in which he asserted a claim to one hundred and sixty acres of land, and this was evidence tending to show that defendant had abandoned one-half of the pre-emption claim under which the alleged right of defendant to the land was derived. The evidence given by the plaintiff, as we have said, was pertinent to the issue and properly received. If there were among the papers of the cause a sentence or line that might tend to explain or vary the testimony which the plaintiff had introduced, the defendant should have called the attention of the court to the particular testimony desired to be introduced. If it were proper to be considered by the jury, and improperly excluded, the question being presented upon the record, the ruling excluding the testimony might be revised. But the matter was not so presented in this case. The testimony offered occupies fifteen pages of this record, the larger portion of which consisted of the previous pleadings of Kimball, the plaintiff in this cause, and was irrelevant and illegal testimony.

The answer of the appellant, with the papers offered to be read in evidence to the jury, if presented alone, might have been proper evidence for the jury to consider in connection with the answers of the appellant read by the appellee. It does not, however, appear that this answer was called to the attention of the court in ruling upon this question.

To enable this court to revise the action of the District Court upon questions in which the ruling is supposed to be erroneous, it devolves upon the appellant or plaintiff in error to see that the record is so made up that, if there be error, it is made apparent upon the record. No error is perceived in the judgment in this cause, and it is

AFFIRMED.