### SAM. PAIN v. MARK MILLER AND ANOTHER.

Subsequent to the enactment of the Homestead Law of 1870, C. filed a certificate upon a piece of vacant land upon which P. was then living.  P. had previously been a tenant of C., and had moved from his previous residence on C.'s land to the public land, in ignorance that the latter was vacant, and believing it to be the property of C. After C. had filed upon the land and obtained a survey of it, but within the twelve months allowed by the Homestead Law, P. learned the truth respecting the land, and applied to the county surveyor for a survey of it as his homestead.  *Held*, that P. was in no sense the tenant of C. as to the land in controversy, nor does any consideration of good faith preclude him from claiming it as against C.; and under the Homestead Law, his right is superior to C.'s file and survey.

APPEAL from Houston.    Tried below before the Hon. L. W. Cooper.

The facts are clearly condensed in the opinion of the court.

*H. W. Moore*, for the appellant.

No brief for the appellee.

EVANS, P. J.—This is a proceeding by *mandamus* to compel the surveyor of Houston county to survey the homestead of the plaintiff.

The statement of facts shows that Pain, being a tenant of Coleman's, and cultivating a part of his farm in 1869, for convenience of wood and water, moved with his family, and erected a house on public land, under the impression that it was Coleman's, and not vacant.

On learning his right, by our homestead law, to acquire a home for himself and family where he was living, as it was public land, he applied to the surveyor, in June, 1871, to have his homestead surveyed.

The surveyor refused, upon the ground, as he alleged in his answer, that he had already surveyed the land upon which he lived, on a file made by W. H. Cundiff for Mrs. L. C. Coleman, on the eleventh of September, 1870.

Now, though cultivating Coleman's land, and residing on public land, it did not make Pain a tenant of Coleman's as to his homestead.

He could not hold his homestead as tenant of Coleman, for Coleman had no interest in the land whatever, it being public domain.

We think that Pain was a settler in good faith, and entitled to his homestead; the statute of the twelfth of August, 1870, gave him twelve months to learn and perfect his rights to the same. And, in the language of the statute, " no person had the right to interfere by file, location or survey, by virtue of any land certificate, or other land claim whatever, within said prescribed time."

This case is therefore reversed and remanded, to be proceeded in according to this opinion.

REVERSED AND REMANDED.