### JOHN R. PALMER v. JOHN F. CHANDLER.

1. VENDORS' LIEN—PRE-EMPTION.—Under the statute, a patent cannot be obtained by a pre-emptor, to the land occupied by him, until he shall have established, in the manner pointed out by the statute, that he occupied and improved the land for three years; and a settler upon public domain who undertakes to sell the land which had been occupied by him less than three years, as a pre-emptor, before his sale and abandonment of it, acquires no lien on the land to secure the note given for the purchase-money as against its purchaser who afterwards acquired title from the State.

APPEAL from Blanco. Tried below before the Hon. J. N. Everett.

*L. J. Storey*, for appellant.—The real question in the case is, can a vendor of a pre-emption claim, sell and convey the land before a patent issues? And can he enforce his vendors' lien thereon in the courts of the county? In the argument of the case in the court below, counsel for appellees took the position that such a lien could not be enforced, and the judgment so held; and we think the judgment erroneous.

The law permits the sale, and authorizes the patent to issue to the purchaser. (Paschal's Dig., art. 4363.)

Before the patent issues, the pre-emptor has an equitable estate in the land, which he can sell or dispose of by will, or which will pass by inheritance to his heirs. (See Spier *v.* Laman, 27 Tex., 216.)

In the court below, appellee's counsel relied upon the case of Wheeler *v.* Styles, but that case is not applicable. The sale in that case conferred no right, because the vendor held no pre-emption right to the 160 acres disposed of. He had 320 acres surveyed as a pre-emption claim. After the law was changed so as to grant only 160 acres, he then retained 160 acres for himself and sold the balance, (160 acres,) and the court very properly decided that he was only entitled to the 160 acres retained, and the purchaser could recover the pur-

chase-money already paid and secure a patent for himself.
(See Wheeler *v.* Styles, 28 Tex., 242.)

Palmer, then, having the right to forclose his vendors' lien,
his suit was properly brought, and Mrs. Bass and her hus-
band were entitled to the right formerly held by John F.
Chandler, and no more. They must pay the purchase-money;
and having refused to do that, they cannot hold on to the land;
they must surrender possession to Palmer, especially when
he, (Palmer,) as in this case, offers to pay back any balance
received from Chandler, after deducting the rents. (See
Terrill *v.* Dewitt, 20 Tex., 257; Smith *v.* Nolen, 21 Tex.,
497; Cooper *v.* Singleton, 19 Tex., 267; Demaret *v.* Bennett,
29 Tex., 267.)

The demurrer and special exceptions admit the allegations
in the petitions to be true; and one of these allegations is, that
the rents and profits largely exceed the amount paid on the
purchase-money.

We think the case should be reversed and reformed, and
that a writ of possession should issue in favor of plaintiff.

*Hutchinson & Franklin*, for appellees.

Moore, Associate Justice.—The only question presented
for our determination in this case is, whether, on the facts
stated in the petition and amended petitions, appellant, who
was plaintiff in the court below, was entitled to a judgment
against Bass and wife for a foreclosure of a vendors' lien on
the land described in his petition for the payment of the
note, for the collection of which this suit was brought. Ap-
pellant alleges that he settled upon and caused the land in
question to be surveyed for him as a pre-emptor, in the year
1867; that he made valuable improvements upon said land,
and continued to reside upon and occupy it under and by
virtue of his right thereto as a pre-emption settler, until some
time in the year 1869, when he sold it to the defendant,
John F. Chandler, who gave him, in part payment therefor,

said note for one hundred dollars, upon which he brings this action; that immediately after said sale, he delivered possession of said land to Chandler and his wife, now the wife of the defendant, Bennett Bass, who ever since has been in the uninterrupted occupation, enjoyment, and possession thereof; that some short time after the purchase of said land from appellant, said Chandler separated from and abandoned his wife, who subsequently sued for and obtained a decree for a divorce; that on her application, the court, in its said decree, set apart to her, said one hundred and sixty acres of land, charged, however, with the payment of said note; and that since obtaining said divorce she has intermarried with the defendant, Bennett Bass. It is further alleged by plaintiff, that Bass and wife, notwithstanding the facts above stated, now deny their liability for the payment of said note; and also deny that appellant has any right to said land or to a lien upon it, to secure the payment of said note; and that they have refused to make the necessary affidavit that they had occupied and improved said land for three years, so as to enable him to get them a patent, but claim they are entitled to said land as pre-emptors in their own right, by reason of its occupation and improvement for the period of three years.

It has been repeatedly decided by this court, that the supposed vendee of land, which is in fact a part of the public domain, is not estopped from acquiring the land from the State in his own right, as a pre-emptor or otherwise; and that he may also sue for and recover back the purchase-money which was paid for it, though at the time of its sale, and when possession of it was taken by the vendee, both parties supposed the land in fact belonged to the vendor.

And unquestionably, if the vendor has no valid right to or interest in the land, which will pass to or vest in the vendee, he cannot claim a vendors' lien, to secure notes given in payment for it. It would be simply absurd to say, that there is a vendors' lien to secure the payment of the purchase-money

where the vendor had no such title or interest in the land sold as will serve as a consideration for a promise to pay the purchase-money, and when the vendee may recover it back, if paid.

By the statute under which appellant settled upon this land, a patent could not be obtained from the State until the settler should prove, by his own affidavit, and that of two disinterested and creditable witnesses, that he had occupied and improved the land for three years, &c. It clearly appears, from his petition, that appellant had not occupied the land for three years when he sold it to Chandler. Evidently, therefore, he had no vested right to, or fixed and definite interest in, the land, as a pre-emptor, when he sold it. When he abandoned and ceased to occupy it, he lost or gave up the inchoate right, which he previously had to acquire it, by continuing to occupy and improve it for the requisite time, to entitle him to a patent. The right of his vendee to a patent, as a pre-emption settler, received no aid by reason of the previous occupation of it by appellant. Before he can get a patent, he must himself occupy it for three years. It may be, that the abandonment of his pre-emption claim by the first settler would be a sufficient consideration to support a promise to pay a note given to induce such abandonment, thereby enabling the party succeeding him to acquire the land as a pre-emptor. But if so, a note for such consideration cannot be said to have been given for the purchase of land. It cannot, therefore, be maintained, that equity will imply a lien for its security upon the land subsequently acquired from the State upon considerations altogether independent of and distinct from the consideration supporting the note.

There is no error in the judgment, and it is therefore affirmed.

AFFIRMED.