N. B. HORNE v. B. O. GAMBRELL.

(No. 1207, Op. Book No. 2, p. 207.)

APPEAL from McLennan County. Opinion by WALKER,. R. S., P. J.

§ 996. *Possession is notice of title; rights of occupant.*
He who is lawfully in possession of land is entitled to its fruits and revenues. His possession is *prima facie* evidence of and notice to the world of his title and right; and if he is thus entitled and possessed, a mere trespasser ought not to be heard to claim against him a right to such fruits of the land, depending upon his own tortious invasion of the possessor's right. A. shall not have an action of trespass against B., who lawfully enters to abate a nuisance caused by A.'s wrongful act; nor shall an executor *de son tort* obtain that assistance which the law affords to a rightful executor. No man shall take advantage of his own wrong. [Broom's Leg. Max. p. 199.]

§ 997. *Growing crops; may. be personal property, and levied upon as such.* Annual crops, though planted by the owner of the freehold, if fit for harvest, may acquire the character and incidents of personal property. Crops fit for harvesting may be levied upon as personal chattels. [1 Wash. Real Prop. p. 5.]

§ 998. *Public domain; equitable title in, cannot be acquired by making improvements thereon; abandonment of pre-emption.* In respect to the public domain, no person has or can acquire by his voluntary contributions to its improvement an equitable title thereto. The actual occupant under the pre-emption laws, who shall have expended money and labor upon the land occupied by him, if he shall, at any time before the expiration of the period at which he will be entitled to a patent, abandon and vacate the settlement he has made, will retain no equitable interest whatever in the land, and it will *eo instanti* be subject to location by certificate, or other legal appropriation, as vacant public domain. The condition of a

party who has never claimed to be an actual settler upon the land cannot possibly be better than that of the actual settler himself, notwithstanding the former may have contributed to build improvements and cultivate the land in the interest and in aid of the actual occupant. If the latter acquires no equitable interest by virtue of a limited residence and improvements made, *a fortiori*, one aiding such occupant would acquire none. If the pre-emptor abandons the land without an assignment of his right, any other person entitled to occupy public land may enter upon it, or it may be located · under a certificate wholly free from any claim arising out of such pre-emption. [Spier v. Laman, 27 Tex. 205; Wheeler v. Styles, 28 Tex. 240; Jennings v. De Cordova, 20 Tex. 508; Cravens v. Brooke, 17 Tex. 269; Pain. v. Miller, 35 Tex. 79.]

§ **999.** *Pre-emption; assignment of; rights of assignee.* A pre-emptor of public land is empowered by the statute regulating pre-emption rights to assign his right to the land, and the assignee, if otherwise entitled to the benefits of the pre-emption laws, would thereby be invested with all the rights of his grantor; and his claim would constitute an equitable, though defeasible title, which, unless he failed to comply with the terms of the law, would ripen into a complete title; and such claim of the assignee, under our law, is sufficient to enable him to maintain an action of trespass to try title. [Buford v. Gray, 51 Tex. 331.]

§ **1000.** *Vendee of public land may repudiate contract, etc.* One who has entered upon the vacant public domain as a purchaser from another who assumed to have title, may, on discovering that the land is vacant, repudiate the executory contract for its purchase without quitting possession, resist the payment of the notes given for the purchase money, and while in possession, if entitled to pre-empt land, may take steps to appropriate it in that way. [Rodgers v. Daily, 46 Tex. 578; Palmer v. Chandler, 47 Tex. 332.]

February 19, 1881.                              Affirmed.