**WILLIS et ux. v. MARTIN et al.    (No. 3522.)**

Court of Civil Appeals of Texas. Texarkana. March 15, 1928.

1. **Public lands** ⚖️178(1)—**Judgment foreclosing vendor's lien retained by one granting land belonging to state held erroneous since he could not create lien.**

Where conveyance was made of land owned by state by one who took notes from grantee secured by vendor's lien, and after assignment of notes judgment in favor of assignee foreclosing vendor's lien was rendered, *held* that judgment was erroneous, since land belonged to state at time and such grantor could not create lien against it.

2. **Vendor and purchaser** ⚖️189—**Grantee held not estopped to deny grantor's title, where after purchasing from grantor he purchased from state, which owned land (Vernon's Sayles' Ann. Civ. St. 1914, art. 5432).**

Where grantee received grant of land which belonged to state and gave notes in payment, but subsequently purchased land from state under provisions of Vernon's Sayles' Ann. Civ. St. 1914, art. 5432, *held* that grantee was not estopped to deny grantor's title.

3. **Limitation of actions** ⚖️48(1)—**Four-year statute held applicable in assignee's suit on notes received for land belonging to state which assignor sold, there being no vendor's lien (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5688, 5694).**

Where assignee took notes given in payment for land sold by assignor, which in fact belonged to state, and more than four years had elapsed between maturity of notes and suit thereon, *held* that Vernon's Sayles' Ann. Civ. St. 1914, art. 5688, barring right to sue in four years, was applicable, since, under circumstances, vendor's lien was not created, placing action under provisions of article 5694.

Appeal from District Court, Cherokee County; C. A. Hodges, Judge.

Suit by George Willis and wife against E. C. Martin and others. From the judgment, plaintiffs appeal. Reformed and affirmed.

By an instrument dated March 1, 1920, Barney Deckard and his wife undertook to convey to plaintiff in error George Willis all their "equity interest" in and to 25 acres of land described as the part of the Goss survey conveyed to them January 21, 1911, by one A. W. Duke. According to recitals in the instrument, the consideration for the conveyance to said Willis was $400 paid by him and his four promissory notes, three for $300, interest, and attorney's fees, each, and the other one for $200, interest, and attorney's fees, payable January 1, 1921, 1922, 1923, and 1924, respectively, all purporting to be secured by a vendor's lien retained by the Deckards on the land. The instrument contained a covenant of general warranty, and a recital as follows:

"The intention of this conveyance is to sell to George Willis all improvements on said land, and the said George Willis is to deduct the cost of the purchase of said land from the state of Texas, including patent fee and all expenses pertaining to securing same."

As a matter of fact the land never belonged to Duke, who undertook to convey it to the Deckards, and never belonged to the Deckards, who conveyed to said Willis, but at the time of the transactions specified was vacant land and belonged to the state of Texas. After said March 1, 1920 (the date of the instrument above referred to), said Willis purchased the land of the state (under the provisions of article 5432, Vernon's Statutes, it seems), and same was patented to him by a patent issued June 10, 1920, recorded June 21, 1920, in Cherokee county, where the land was situated. By an instrument dated October 18, 1920, Barney Deckard sold and conveyed the three notes for $300 each, made to him by said Willis, to defendant in error George Huston, together with such interest as he had in the land. By a suit commenced November 30, 1925, said Barney Deckard sought a recovery against said Willis for the amount of the $200 note, and a foreclosure of the vendor's lien retained to secure the payment of that note as well as the three notes for $300 each transferred to said Huston as stated. December 15, 1925, judgment was rendered in that suit in favor of Deckard for $225, in favor of Huston for $845, and foreclosing the vendor's lien retained by the Deckards to secure the payment of the notes. Later an order of sale was issued on said judgment and placed in the hands of E. C. Martin, sheriff of Cherokee county, for execution. This suit, commenced April 6, 1926, by said George Willis and wife, Florence Willis, the other plaintiff in error, as plaintiffs, against E. C. Martin as sheriff of Cherokee county, Barney Deckard, and defendant in error George Huston as defendants, was to enjoin the execution of the order of sale above referred to, to recover the 25 acres of land, and to quiet the title of plaintiffs in error thereto

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by canceling the vendor's lien notes made by said George Willis to Barney Deckard, and the judgment rendered December 15, 1925, as aforesaid. The trial (to the court without a jury) resulted in a judgment setting aside said judgment of December 15, 1925, and perpetually enjoining further proceedings thereunder, canceling the note for $200 held by Barney Deckard and the vendor's lien asserted, so far as it was to secure same, in favor of E. C. Martin, sheriff, for costs, and in favor of said Huston on his cross-action against said George Willis for $695 (as the amount unpaid of the three notes for $300 each transferred to said Huston by Barney Deckard), and foreclosing the vendor's lien claimed to secure the notes as against said Barney Deckard, George Willis, and Florence Willis. The appeal is by said George Willis and Florence Willis, and they alone complain of the judgment.

Guinn & Guinn, of Rusk, for appellants.
Perkins & Perkins, of Rusk, for appellees.

WILLSON C. J. (after stating the facts as above). [1] We think the judgment is erroneous so far as it is in Huston's favor for a foreclosure of the vendor's lien the Deckards attempted to retain on the land when they sold it to George Willis; for the land belonged to the state at that time, and the Deckards could not create a lien against it. Palmer v. Chandler, 47 Tex. 332.

In the case cited it appeared Palmer settled upon and improved public land, and before he had occupied same for the length of time required by the statute sold it to Chandler. It was held that Palmer was not entitled to assert a vendor's lien against the land as security for a promissory note representing a part of the purchase price Chandler agreed to pay. In so holding the Supreme Court, in the opinion by Judge Moore, quoted approvingly by Judge Stayton in Houston v. Dickson, 66 Tex. 79, 1 S. W. 375, said:

"If the vendor has no valid right to or interest in the land which will pass to or vest in the vendee, he cannot claim a vendor's lien to secure notes given in payment for it."

The ruling was followed in Williams v. Finley, 99 Tex. 473, 90 S. W. 1087, where it appeared Finley sold a 2-acre tract he owned and a 300-acre tract he did not own, but which belonged to the state, to Armstrong, who sold same to Williams, who afterwards purchased the 300-acre tract of the state, and where it appeared, further, that the purchase price Armstrong was to pay Finley for the 2 acres of land was represented by promissory notes made by Armstrong, which Williams agreed to pay. It was held that Finley was not entitled to have a vendor's lien retained by him on the two tracts to secure the payment of the notes foreclosed on the 300-acre tract.

[2] The trial court found that when the state patented the land to George Willis June 10, 1920, he and Florence Willis, his wife, had possession thereof and were occupying and using same as their homestead, and ever thereafter continued to so occupy and use it, and found, further, that when he purchased the three notes for $300 each of Barney Deckard, Huston knew the land belonged to the state and not to Deckard at the time the latter attempted to create a vendor's lien thereon to secure the payment of the notes. The conclusion of the trial court that Huston nevertheless was entitled to have the lien he claimed foreclosed was on the theory, it seems, that said George Willis and his wife were in the attitude of claiming title to the land under the conveyance to them from the Deckards and therefore were estopped from asserting the Deckards did not have the title to the land. "I conclude," said the court, "that George Willis was estopped by the deed under which he held to set up want of title in his vendor." The general rule is that a vendee is not estopped to deny his vendor's title. 21 C. J. 1069, and cases there cited; 10 R. C. L. 682, and cases there cited; Collins v. Box, 40 Tex. 190; Robertson v. Pickrell, 109 U. S. 608, 3 S. Ct. 407, 27 L. Ed. 1049; Bybee v. Railway Co., 139 U. S. 663, 11 S. Ct. 641, 35 L. Ed. 305. There is nothing in the facts of this case which makes the general rule inapplicable, and we think the conclusion of the trial court to the contrary was erroneous.

[3] One of the three notes transferred to Huston matured January 1, 1921, and another January 1, 1922. Huston's cross-action in which he sought a recovery on the notes was not commenced until December 17, 1926, which was more than four years after the maturity of the two notes specified. Willis and his wife in their pleadings having set up the statute of limitations of four years (article 5688, Vernon's Statutes) in bar of the right claimed by Huston to a recovery on the notes, the trial court erred when he held that Huston nevertheless was entitled to recover on the two notes specified. Evidently that court's action was based on his finding that the notes were secured by a vendor's lien on the land, and that Huston's rights therefore were determinable by article 5694, Vernon's Statutes, as construed by the Commission of Appeals in Bank v. Graham, 275 S. W. 997. But, as we have held, the notes were not so secured, and therefore said article 5688, and not article 5694, was the statute applicable to the case.

The other one of the three notes transferred to Huston matured January 1, 1923, less than four years before Huston's suit thereon was commenced. But it appears from the note copied in the statement of facts sent to this court, and the credits indorsed thereon, that it was paid in full October 18, 1920, which,

as we have seen, was long before Huston by his cross-action sought a recovery thereon.

The judgment will be so reformed as to deny Huston a recovery of anything against Willis and his wife, and as so reformed will be affirmed. The costs of the appeal will be adjudged against appellee Huston.