AGUSTIN CANO v. THE STATE.

No. 6010.    Decided December 8, 1920.

Robbery—Other Offenses—Bills of Exception.

Where, upon trial of robbery, the State introduced testimony as to other criminal acts by the defendant to which defendant objected, but the State on appeal insisted that defendant's bill of exceptions cannot be considered because filed too late, yet the record showed on appeal that defendant objected to the court's charge which limited the effect of such testimony and

requested a charge that such testimony should not be considered, held, that this properly raises the objection and the testimony being inadmissible, the same was reversible error. Following Stone v. State, 45 Texas Crim. Rep., 93, and other cases.

Appeal from the District Court of Webb. Tried below before the Honorable J. F. Mullally.

Appeal from a conviction of robbery; penalty, fifteen years confinement in the penitentiary.

*W. W. Winslow*, for appellant.—On question of other offenses: Cone v. State, 216 S. W. Rep., 190; Smith v. State, 105 id., 501; Long v. State, 47 id., 363.

*Alvin M. Owsley*, Assistant Attorney General, and *John A. Vall*, District Attorney, for the State.— On question of filing bill of exceptions: White v. State, 210 S. W. Rep., 200; Samples v. State, 190 id., 486; Limon v. State, 192 id., 246; Roberts v. State, 62 Texas Crim. Rep., 10; Griffin v. State, 59 id., 424.

DAVIDSON, Presiding Judge.—Appellant was convicted of robbery, his punishment being assessed at fifteen years in the penitentiary.

The indictment charged the robbery of Maria Aristi. The State proved by the injured party and other testimony a case of robbery. There was no question of identity or intent from the State's evidence. Over objection of appellant the State was permitted to introduce evidence of other criminal acts and the obtaining of money by false pretenses and fraudulent devices occurring subsequent to the alleged robbery of Maria Aristi. The obtaining of the money occurred in this way: that appellant at night crossed over the Rio Grande in a skiff or canoe a number of people in violation of the law for which he charged $3.50 for each person. Other cases of criminal acts shown by the State also occurred subsequent to this case. The State insists these bills cannot be considered because filed too late. The record contains an allowance of time after the adjourment of court, but the bills were not filed within the time allowed. However, when the court's charge was submitted to counsel they objected to that portion of it which limited the effect of such testimony. The court thus instructed the jury: "If you believe from the evidence beyond a reasonable doubt that the defendant did commit such alleged robberies, other than the alleged robbery of said Maria Aristi for which he is now being prosecuted, and did commit such alleged thefts by fraud, then you are charged that if you consider said testimony of other offenses at all you can only do so for the purpose for which it was admitted, namely, to show the system and methods, if any, of the defendant; and it can only be used by you, if it does, to pass

upon the issue as to whether or not he committed the alleged offense of robbery of Maria Aristi, for which he is on trial,'' etc. Objection was promptly urged to this charge and this requested instruction was refused and defendant excepted: ''In this case you are specially instructed not to consider any testimony adduced upon the trial of this case which connects or pretends to connect the defendant with any other offense, and you are only to consider the testimony of Maria Aristi and her two companions in arriving at the guilt or innocence of this defendant.'' Whether we consider the bills of exception to the introduction of the testimony or not, this is a charge asked by appellant to exclude from the consideration of the jury: the testimony. We are of opinion that the charge of the court should not have been given, and that the charge requested by appellant should have gone to the jury. Illegal testimony cannot be limited and the prejudice arising from its introduction thus diverted. Cases are numerous upon this proposition. That the testimony was inadmissible see Long v. State, 39 Texas Crim. Rep., 537; Smith v. State, 52 Texas Crim. Rep., 80; Hinson v. State, 51 Texas Crim. Rep., 105; Johnson v. State, 50 Texas Crim. Rep., 118; Lamar v. State, 49 Texas Crim. Rep., 569; James v. State, 40 Texas Rep., 195; Allen v. State, 73 S. W. Rep., 397; Walker v. State, 72 S. W. Rep., 402. That the requested instruction was a proper method of requesting the withdrawal and exclusion of the illegal testimony see Morton v. State, 43 Texas Crim. Rep., 536; Stone v. State, 45 Texas, Crim. Rep., 93; Hearne v. State, 50 Texas Crim. Rep., 431-443.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*