### EARL ISRAEL V. STATE.

No. 26,325.  April 8, 1953.
Appellant's Motion for Rehearing Denied (Without Written Opinion) June 3, 1953.

*Murray J. Howze*, Monahans, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for felony theft of a 1946 model Ford automobile, and the jury assessed the punishment at two years in the penitentiary.

Appellant did not testify nor did he offer witnesses in his behalf.

An automobile answering the description contained in the indictment was taken from the lot of Ector Motor Company at Seminole, Texas, after closing hours on August 1, 1952. The switch key had been left in this car because it could not be removed.

The lot was inclosed by a fence or cable, and the gate was locked. The car was driven across the cable after breaking off a fence post.

This 1946 model Ford was found the next morning some twelve miles from Seminole and about one-quarter mile from an oil rig, where it had turned over.

A 1950 Ford car was stolen from a worker at such oil rig during the same night and was found on a highway in New Mexico, the gas tank empty.

Bobby Holland, a fifteen year old boy, testified that appellant came to the Birdwell Courts where he was spending the night with his friend Jerry Cogburn, arriving about midnight; that appellant said he had a car belonging to a young lady acquaintance who was waiting at a hotel; that he got in the car with appellant and rode with him to the oil rig and then to the place on the highway where the car turned over; that appellant drove the car at all times; that he (Bobby Holland) remained in the car while appellant got out for a while at the rig; that as a result of the wreck of the 1946 Ford he, the witness, "passed out," and when he came to found himself in a 1950 Ford car which appellant was driving and which they later abandoned, at the place it was found on the highway in New Mexico, when it ran out of gas.

Bobby Holland further testified that appellant at one time told him that "he had to knock down a post with two cables to

get the car" but denied that he knew or was told that it was a stolen car; that he remained with appellant until they returned to Seminole two days later, then went to his mother's house at Sligo and told her what had happened; then accompanied her to the officers to whom he reported the matter.

Officers investigating the theft of the two cars found a set of boot tracks leading from tire tracks identical to tracks made by tires of the stolen 1946 Ford into the courts where Bobby Holland said he was visiting, and two sets of boot tracks leading from the courts to the car tracks at the same point.

Mrs. Cogburn, the mother of Jerry Cogburn, testified that Bobby Holland was visiting Jerry on the night in question, that appellant came by her window about one A. M. and that she heard whispering which she supposed to have been between appellant and Bobby Holland. She did not learn until the following morning that Bobby left with appellant.

We overrule the contention that the state failed to prove an intent on the part of appellant to deprive the owner of the 1946 Model Ford car and to appropriate it to his own use and benefit. There is no testimony to the effect that the taking was for any purpose other than to appropriate and deprive the owner of the automobile.

Nor can we agree that the court erred in submitting the question of the absence of intent to appropriate or to deprive the owner of the value of the automobile as an affirmative defense.

Such intent was a part of the state's case, and the charge of the court properly required a finding by the jury that appellant took the car with the intent to deprive the owner of the value of the same and to appropriate it to his own use and benefit and instructed an acquittal if the jury entertained a reasonable doubt that appellant took the automobile with such intent.

There is no testimony raising the defensive issue of an intent to temporarily use the car and return it to its owner, and therefore no charge on such an issue was called for.

The trial court submitted to the jury the issue as to whether Bobby Holland was an accomplice witness and gave appropriate instruction on the law regarding the necessity of corroboration of his testimony if the jury found he was an accomplice.

Appellant requested that the court instruct the jury that Holland was an accomplice as a matter of law rather than submit the issue to the jury.

Holland was not present at the taking of the car and testified that he had not planned with appellant to steal a car that night and did not know where he had gotten the car. His testimony to the effect that as they left the oil rig appellant said he had to knock down a post with two cables to get the car, and that he said nothing more about where he had gotten the car or why he got it, was the basis for the submission of the issue of Holland's being an accomplice. It was not shown that he thereafter did anything other than to accompany appellant as a passenger in the stolen cars and thereafter as a fellow "hitchhiker" until he got home. He reported the affair to his mother soon after parting company with appellant.

We find no error in the refusal of the trial court to instruct the jury as a matter of law that Holland was an accomplice. We think that it was proper to submit the issue to the jury.

There is ample evidence to corroborate the testimony of Holland, assuming that the jury found him to be an accomplice.

He was seen at the Birdwell Courts where the tracks of the stolen car were observed. Boot tracks corroborated the fact that one person came and two left the courts going to the car.

He was seen in possession of the stolen car at the rig near which it was wrecked and where another car disappeared. The second car was found where Holland said they abandoned it when it ran out of gas. This testimony tended to connect appellant with the theft of the car and is sufficient to corroborate the testimony of Holland, if he was an accomplice witness.

Appellant complains that the state failed to prove by legal and competent evidence that the stolen car was of the value of $50.00 or over.

Wayne Chadwick, sales manager for Ector Motor Company, testified without objection "that to the best of his knowledge the car was valued at $575.00."

If appellant desired to have the value of the car more specifically and precisely proven it was incumbent upon him to

offer his objection to the testimony relating to such value and insist upon the qualification of the witness as to market value being established. Not having done so he will not now be heard to say that the testimony as to value of the stolen car is without probative force and must be disregarded as not constituting legal and competent evidence.

See Larkin v. State, 157 Tex. Cr. R. 284, 248 S.W. 2d 134, 137; Ramon v. State, 98 S. W. 872; Thomas v. State, 85 Tex. Cr. R. 246, 211 S.W. 453.

Complaint is made of the admission of testimony regarding the car taken at the rig and abandoned in New Mexico because it showed a collateral offense committed by appellant.

This testimony was admissible on the question of intent and especially to show flight.

Complaint is made in the brief concerning remarks of the district attorney in his closing argument to the jury. We find no bill of exception relating to the argument and nothing is presented for review.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.