**Hollis Earl WOODS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44669.**

Court of Criminal Appeals of Texas.

March 22, 1972.

Rehearing Denied May 9, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., and Robert Baskett, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery. The punishment was assessed by the court at life.

Appellant brings two grounds of error. The first concerns the admission of an extraneous offense and the second, the admission of exhibits.

Henry C. Tutt, the complaining witness, testified that on June 16, 1970, he lived in an apartment in Dallas. He was in his apartment watching television, while "the midnight movie was on," when Deborah Smith, the appellant and another man entered his apartment. The two men began struggling with him. During the struggle appellant stabbed him. Meanwhile, Deborah Smith and the two men took his pistol, his wrist watch, and his wallet which contained $81.00. They then left his apartment. He stated that he was in fear of his life and that the property was taken from him without his consent or permission.

Leo McWilliams testified that on the date in question (June 16, 1970), at approximately 1:30 A.M., Deborah Smith, appellant and another man approached him in a filling station. She invited him to have drinks with her. They rendezvoused at a nearby location on a dark street and Deborah Smith entered his automobile, removed a pistol from her purse, and shot him in the jaw. Whereupon, appellant approached the car and stabbed him in the back and they took his automobile from him without his consent or permission. He further testified that the car was returned to him about two weeks later and that about three thousand miles had been put on it since it was taken from him.

R. J. Weaver, a Dallas County Deputy Sheriff, testified that he had gone to Casa Grande, Arizona, to take custody of the appellant and his two companions and returned them, and the McWilliams auto-

mobile, to Dallas. He stated that it was approximately 1000 miles from Dallas to Casa Grande. When he took custody of the three in Arizona he received a knife, a Texas driver's license in the name of Henry C. Tutt, and two documents bearing the name of Leo McWilliams. These items were admitted into evidence without objection.

■ Appellant's first ground of error asserts "[t]he trial court erred in admitting testimony of Witness Leo McWilliams over appellant's objection for the reason that same established an extraneous offense connected in no way with the transaction on trial against appellant and the testimony of which was prejudicial to appellant." Such evidence was admissible as it showed flight of the accused. Thames v. State, 453 S.W.2d 495 (Tex.Cr.App.) See Cox v. State, 170 Tex.Cr.R. 128, 338 S.W.2d 711; Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82. See also, Matthews v. United States, 407 F.2d 1371, cert. denied, 398 U.S. 968, 90 S.Ct. 2177, 26 L.Ed.2d 554.

In Cox v. State, supra, this court stated:

"Appellant's sole contention on appeal is that the court erred in admitting the testimony showing his arrest in connection with the Safeway store robbery seven days after the robbery for which he was on trial. We find no error in the admission of such testimony. The evidence was undisputed that the appellant fled from the scene of the Olympia Grill robbery. He had not been apprehended until his arrest at the scene of the Safeway store robbery. Evidence of flight is always admissible and the fact that the circumstances of such flight show*s* the commission of another crime does not render the evidence inadmissible."

In Israel v. State, supra, the defendant was convicted for felony theft of a 1946 model Ford automobile. The next day he wrecked the 1946 Ford some twelve miles from Seminole (the location of the theft)

and stole a 1950 model Ford automobile and drove to New Mexico where he abandoned it. This court wrote:

"Complaint is made of the admission of testimony regarding the car taken at the rig and abandoned in New Mexico because it showed a collateral offense committed by appellant.

"This testimony was admissible on the question of intent *and especially to show flight.*" (Emphasis supplied.)

The first ground of error is overruled.

■ Next, by his second ground of error, appellant complains of the admission into evidence of the knife, wallet, driver's license of the complaining witness, and two documents bearing the name of Leo McWilliams. As previously pointed out, when these exhibits were offered into evidence they were admitted without objection. Therefore, no error is preserved. See, e. g. Vera v. State, 473 S.W.2d 22, (Tex.Cr.App.), Ansley v. State, 468 S.W. 2d 862 (Tex.Cr.App.); Walsh v. State, 468 S.W.2d 453 (Tex.Cr.App.); Brown v. State, 460 S.W.2d 925 (Tex.Cr.App.). In any event, the exhibits were admissible into evidence. Three of these exhibits were admissible as fruits of the crime alleged in the indictment. The other two exhibits were fruits of the crime committed against the witness McWilliams. Testimony concerning these exhibits being admissible, it was not error to admit the exhibits themselves. See Martin v. State, 475 S.W. 2d 265 (Tex.Cr.App.).

The second ground of error is overruled.

There being no reversible error, the judgment is affirmed.

ONION, Presiding Judge (dissenting).

I dissent to the holding that the extraneous offense was admissible.

"The general rule in all English speaking jurisdictions is that an accused is entitled to be tried on the accusation

made in the State's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions." Young v. State, 159 Tex. Cr.R. 164, 261 S.W.2d 836.

See also 23 Tex.Jur.2d, Evidence, § 194, p. 294. There are exceptions to the general rule.

In 23 Tex.Jur.2d Evidence, § 195, p. 300, it is written:

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system, and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him. These exceptions to the general rule prohibiting evidence of other crimes are discussed in greater detail immediately hereinafter. It must be remembered, however, that even though evidence of another crime may be relevant to the instant proceeding, such evidence should not be admitted unless the commission of the other crime is clearly proved and the accused is shown to have been its perpetrator."

See also Sumner v. State, 133 Tex.Cr.R. 501, 112 S.W.2d 453 (1938).

There are occasions though when the exceptions do not come into play.

Only recently in Hafti v. State, 416 S.W. 2d 824 (Tex.Cr.App.1967), this court, speaking through Judge Belcher, said:

"The rule appears to be consistent that if the testimony of the state leaves no question as to intent or identity of the defendant, proof of an independent crime is not admissible. Also, where there is positive testimony to support the state's case, proof of other independent offenses is not admissible. 1 Branch 2d 200, Sec. 188; 5 Branch 2d 31, Sec. 2601; 23 Tex.Jur.2d 306, Sec. 197; Story v. State, 107 Tex.Cr.R. 266, 296 S.W. 296; Taylor v. State, 138 Tex.Cr.R. 161, 134 S.W.2d 277; 42 A.L.R.2d 854."

"Furthermore, if the evidence presented by the state leaves no doubt as to the identity of the accused or his connection with the offense charged, evidence concerning his commission of other crimes is inadmissible." 23 Tex.Jur.2d, Evidence, § 197, p. 306.

See also Bennett v. State, 422 S.W.2d 438, 439 (Tex.Cr.App.1968); Chandler v. State, 417 S.W.2d 68, 69 (Tex.Cr.App.1967); Martinez v. State, 140 Tex.Cr.R. 159, 153 S.W.2d 721 (1940); Taylor v. State, 138 Tex.Cr.R. 161, 134 S.W.2d 277 (1939); Ball v. State, 118 Tex.Cr.R. 579, 39 S.W.2d 619 (overruled on another point) (1931); Story v. State, 107 Tex.Cr.R. 266, 296 S. W. 296 (1927); Cano v. State, 88 Tex.Cr. R. 271, 225 S.W. 1097 (1920) and Kelley v. State, 80 Tex.Cr.R. 249, 190 S.W. 173; 79 Tex.Cr.R. 362, 185 S.W. 570 (1916).

In the instant case the complaining witness Tutt clearly identified the appellant and his companions and described in detail the robbery which was the basis of the prosecution. The testimony was undisputed and left no question as to the intent or identity of the appellant. The appellant did not testify or offer any evidence. No defensive theory was urged.

As the State's second witness in its case in chief, the State offered, over objection, the testimony of McWilliams as to an extraneous offense committed upon him and all its details. The extraneous offense was not admissible as part of the res gestae of the offense charged and it was not admissible to show flight under the circumstances of this case.

Though flight of an accused is not ground for presuming the guilt of an accused, it is still a circumstance from which an inference of guilt may be drawn. Ysasaga v. State, 444 S.W.2d 305 (Tex.Cr.App. 1969).

The State could, as it did, show that the appellant and his companions were apprehended in Arizona after the robbery of Tutt and in possession of the driver's license of Tutt. This was sufficient to show flight. Flight should not be used merely as a vehicle to show proof of independent crimes when it tends to shed no light on any disputed issue in the case.

For the reasons stated, I dissent.