Marvin FENTIS

v.

The STATE of Texas, Appellee.

No. 51361.

Court of Criminal Appeals of Texas.

May 26, 1976.

Rehearing Denied July 18, 1979.

John W. Sayer, on appeal only, Houston, for appellant; Craig A. Washington and Ealy A. Bennett, Houston, of counsel.

Carol S. Vance, Dist. Atty., Phyllis Bell and Robert C. Bennett, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for murder under our former Penal Code. A jury assessed punishment at thirty-eight years.

Two grounds of error are raised. The first contends that the trial court erred in admitting evidence of appellant's resistance of arrest, flight, and eventual arrest, during which episode a police officer was shot in the knee. These events occurred in Garland; the murder forming the basis of this prosecution occurred in Houston. The trial court admitted all the above evidence upon the theory that the resistance to arrest, assault, and flight were probative of appellant's guilt of the murder charge.

1. See *Fentis v. State*, Tex.Cr.App., 528 S.W.2d 590, where this appellant's conviction for assault with intent to murder a peace officer, such prosecution arising out of this shooting in

The record reflects that the deceased, a uniformed off-duty police officer, was shot six times and killed in the parking lot of the Silver Dollar Saloon in Houston a few minutes after midnight on October 27, 1972. The circumstances of the murder reveal no motive for the slaying. Appellant, who was described as having an extreme "underbite" in that his lower jaw protruded from his face, was identified by witnesses as having been inside the saloon earlier that evening with two other men. The only witness to the shooting said that after hearing shots he turned around and saw two men. One, whom he identified in court as appellant, was holding a gun. Both men successfully fled.

On March 4, 1973, three uniformed police officers were patrolling in Garland. They saw appellant walking on a sidewalk in a suspicious manner and stopped to question him. As they alighted from their police car, appellant turned and started walking toward them. When instructed to remove his hand from his coat pocket, he said "Fuck you, whitey," pulled a pistol from his pocket, and commenced firing. After shooting one of the officers,[1] he made his escape, but was apprehended a few minutes later.

We must decide whether the admissibility of the Garland confrontation, and running away, was authorized by the well-established rule that in certain circumstances flight is evidence of guilt. If so, then under *Hunter v. State*, Tex.Cr.App., 530 S.W.2d 573, 575, the shooting would be admissible as an extraneous offense incidental to the flight.

■ The test governing flight was aptly stated in *Damron v. State*, 58 Tex.Cr.R. 255, 125 S.W. 396, 397:

"Evidence of flight is admissible, where one is charged with an offense, on the ground, in substance, that it is some evidence of guilt, and amounts in effect to a quasi admission of guilt of the offense charged. If, however, the flight is in

Garland, was reversed after the State at trial adduced that appellant had committed the Houston murder that is the subject of this prosecution.

respect to another and different offense, it ought not to be considered as evidence of the guilt of an offense in which there was no flight."

In short, the circumstances must indicate that the flight is "so connected with the offense on trial as to render it relevant as a circumstance bearing upon his guilt," *Hicks v. State*, 82 Tex.Cr.R. 254, 199 S.W. 487, 488.

■ In *Jones v. State*, Tex.Cr.App., 481 S.W.2d 900, the State showed that one week after the primary offense the defendant committed a second robbery and attempted to flee, but was apprehended. We held that the attempted flight was more likely probative of consciousness of guilt of the second offense than the primary offense. Because the second offense was not otherwise admissible under any other exception to the rule barring the admission of extraneous offenses, the judgment was reversed. We reaffirm the holding in *Jones*, which is applicable whenever the flight sought to be shown follows and reasonably appears to be motivated by an extraneous offense, rather than the primary offense.

On the other hand, in *Woods v. State*, Tex.Cr.App., 480 S.W.2d 664, and *Israel v. State*, 158 Tex.Cr.R. 574, 258 S.W.2d 82, evidence of flight was held admissible even though there were intervening extraneous offenses because the facts in those cases indicated that the flight and the extraneous offenses were likely related to each other and were motivated by consciousness of guilt of the primary offense.

■ Here, too, an intervening extraneous offense of assault upon two police officers immediately preceded the flight. As in *Woods*, supra, and *Israel*, supra, and unlike *Jones*, supra, no motive for the extraneous offense independent of the primary offense appears. Instead, the circumstances strongly suggest that the extraneous offense and subsequent flight were all part of one effort to avoid a confrontation with law enforcement officers. See *Hunter v. State*, supra. The only motivation for the unprovoked attack that reasonably appears is consciousness of guilt of another offense.

Any other explanation would go to the weight, not the admissibility, of the evidence. *Ysasaga v. State*, Tex.Cr.App., 444 S.W.2d 305; *Carlisle v. State*, 107 Tex.Cr.R. 408, 296 S.W. 889; *Chastain v. State*, 97 Tex.Cr.R. 182, 260 S.W. 172. The first ground of error is overruled.

The second ground of error contends that the trial court erred in denying appellant's motion for new trial on the ground of jury misconduct.

The record reflects that after a verdict of guilty was returned on August 16, 1974, appellant filed a motion for new trial on August 23. A first amended motion was filed on September 3. On September 23, the trial court in open court apparently allowed appellant until October 3 to file a second amended motion for new trial and added that a hearing pursuant to that motion would be held on November 15, 1974.

The second amended motion for new trial and supporting affidavits were not filed until November 11 and 14, respectively. On November 27, 1974, a hearing was held at which the trial court granted the State's motion to quash appellant's subpoenas for juror-witnesses, finding that the second amended motion and affidavits were insufficient to justify any hearing on the merits. Sentence was then pronounced.

■ It is apparent that the November 11 motion was late-filed, there being nothing in the record to reflect that the trial court ever extended the time for filing the same past October 3. Article 40.05, V.A.C.C.P. Nevertheless, if the trial court had proceeded to conduct a hearing on the merits within twenty days after the motion was filed, such act would be construed as a finding of good cause for the late filing of the motion, see Art. 40.05, supra, and the question whether the trial court abused his discretion in overruling the motion would be properly presented for review. *Arsola v. State*, 138 Tex.Cr.R. 1, 133 S.W.2d 585, and authorities there cited.

■ Here, however, the trial court declined to allow appellant to present witnesses and therefore refused to entertain the

motion. Where the motion was late-filed, no abuse of discretion has been shown. *Defore v. State*, Tex.Cr.App., 460 S.W.2d 128.

Because the trial court refused to hold a hearing on the late-filed second motion for new trial, we will not presume that an extension of the time for filing had been granted for good cause. Nothing is presented for review.

The judgment is affirmed.

ONION, P. J., dissents as to the admission of the extraneous offense.