Affirmed and Memorandum Opinion filed April 12, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00082-CR

___________________

 

Ariel Escalante, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 184th District Court

Harris County,
Texas



Trial Court Cause No. 1134755

 



 

 

MEMORANDUM OPINION

            Appellant Ariel Escalante pleaded guilty to one count
of aggravated robbery. He requested that the trial court sentence him to
community supervision, but upon hearing evidence of an extraneous offense, the
trial court assessed punishment at five years’ imprisonment instead. In his
sole issue on appeal, appellant contends the evidence is insufficient to show
beyond a reasonable doubt that he committed the extraneous offense. We affirm.

            Appellant
was charged with aggravated robbery on September 25, 2007. He pleaded guilty to
the offense without an agreed recommendation as to punishment. The trial court
ordered the preparation of a presentence investigation report (“PSI”), which
was completed on May 20, 2008.

On November 28, 2009, while
on bond, appellant was arrested for the burglary of a motor vehicle. His
sentencing hearing for the robbery offense was conducted two weeks later, but
the PSI was never updated to reflect appellant’s recent arrest. During the
hearing, defense counsel questioned appellant on the new charge. Appellant described
his participation in the incident as follows:

Appellant:     Well,
me and my—me and one of my friends went to go drop off one of his cousins at
the club.

Counsel:        Uh-huh
(affirmative.)

Appellant:     And
we seen a truck that was like—door was all open. So we just—we thought it was
just easy and checking it out. So, I got off; and I looked at it. And by the
time I had already turned back around, the cop had arrested—he told me what was
I doing.

Counsel:        Uh-huh
(affirmative.)

Appellant:     And
since I was already in trouble, I had took off, took off from him. And he got
me, and they arrested me.

Counsel:        Why
did you do that?

Appellant:     Just—I
don’t know what I was thinking, being stupid.

The State never called
any witnesses regarding the extraneous offense. In his sole question on the
burglary, the prosecutor merely asked how long appellant had been on bond
before his recent arrest. During the rendition, the trial court commented on
the seriousness of “picking up a new offense,” then rejected appellant’s
request for community supervision and sentenced him to five years’
imprisonment. On appeal, appellant contends the trial court erred in
considering evidence of the extraneous offense. Appellant argues that his
testimony established only that he was arrested for burglary, not that he committed
the act beyond a reasonable doubt.

Appellant has failed to
preserve error. Before a party may present a complaint for appellate review,
the record must show that the complaint was made to the trial court by a timely
request, objection, or motion. Tex. R. App. P. 33.1. Evidence of the extraneous
offense was introduced by appellant, not the State. Without a specific request
or objection to the contrary, the trial court could not have known that
appellant did not want this evidence to be considered during sentencing. We
hold that appellant has waived this issue by raising it for the first time on
appeal.

Even if we were to
assume that this issue was properly preserved, we would still hold that the
trial court did not commit reversible error. Under Article 37.07 of the Texas
Code of Criminal Procedure, the sentencing judge may consider “evidence of an
extraneous crime or bad act that is shown beyond a reasonable doubt by evidence
to have been committed by the defendant or for which he could be held criminally
responsible.” Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (West
2010). Evidence may be considered under Article 37.07 regardless of whether the
conduct is, or can be characterized as, an offense under the Texas Penal Code. Haley
v. State, 173 S.W.3d 510, 514–15 (Tex. Crim. App. 2005). The statutory
burden of proof requires only that the extraneous offense or bad act be
attributable to the defendant, not that evidence of the elements of a crime be sufficient
to establish a finding of guilt. Id. at 515.

Appellant insists the
evidence did not show his actions to be either criminal or “bad,” as envisioned
by the statute. We disagree. Appellant admitted to “checking out” the vehicle
of another and “taking off” after being questioned by a police officer. Even if
his testimony were insufficient to prove beyond a reasonable doubt that he was
involved in the burglary of a vehicle, the evidence clearly established that he
attempted to flee from the police. Because flight is “an extraneous crime or
bad act” within the meaning of Article 37.07, we conclude that the trial court
did not err in considering conduct extraneous to appellant’s charge for
robbery. See Tex. Penal Code Ann. § 38.04(a) (“A person commits an
offense if he intentionally flees from a person he knows is a peace officer
attempting lawfully to arrest or detain him.”); Fentis v. State, 582
S.W.2d 779, 780–81 (Tex. Crim. App. 1976) (holding that evidence of flight is
admissible to show a relevant circumstance bearing on the defendant’s guilt).

We overrule appellant’s
sole issue and affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).