Opinion filed May 3, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00130-CR

                                                    __________

 

                                  JAMES
JAY BROOKS, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 244th District Court

                                                             Ector
County, Texas

                                                   Trial
Court Cause No. C-36,301

 



 

                                            M
E M O R A N D U M   O P I N I O N

James
Jay Brooks appeals his conviction by a jury of theft of a value of $1,500 or
more but less than $20,000.  The jury assessed his punishment at two years in
the Texas Department of Criminal Justice, State Jail Division.  He contends in
a sole point of error that the evidence is insufficient to support his
conviction.  We affirm.

            We
review a sufficiency of the evidence issue, regardless of whether it is
denominated as a legal or as a factual sufficiency claim, under the standard of
review set forth in Jackson v. Virginia, 443 U.S. 307
(1979); Brooks v. State, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); and
Polk v. State, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet.
ref’d).  Under the Jackson standard, we examine all of
the evidence in the light most favorable to the verdict and determine whether,
based on that evidence and any reasonable inferences from it, any rational
trier of fact could have found the essential elements of the offense beyond a
reasonable doubt.  Jackson, 443 U.S. at 319; Isassi v. State, 330
S.W.3d 633, 638 (Tex. Crim. App. 2010).

It
is undisputed that Brooks was found in possession of a stolen pickup belonging
to Brandon Weathers.  Brooks contends that the evidence was insufficient to
prove the value of the pickup.  Weathers testified that he was a mechanic, that
he owned a mechanic shop, and that he had been in business for thirteen years. 
He indicated that he had purchased the pickup from a salvage company about four
or five years previously for $2,500.  He related that the pickup was worth more
in pieces than it would have been together.  He said he purchased it about a
year before the theft.  He stated that his cost alone for an axle such as the
one on the pickup would be from $12,000 to $14,000, while it might be more for
a person off the street.  He insisted that it would have had the same value in
2007, three years before.  Weathers subsequently testified that, in August 2007,
the value of his pickup was substantially more than $1,500 and less than
$20,000.  We hold that the evidence is sufficient to support Brooks’s
conviction.

Brooks
urges that the evidence is insufficient because Weathers was not shown to be an
expert witness as to the value of his pickup.  However, the owner of a vehicle
is competent to testify as to its value even if not qualified as an expert on
the value of the property.  Sullivan v. State, 701 S.W.2d 905, 908 (Tex.
Crim. App. 1986).  We also note that Brooks made no objection at trial to
Weathers’s testimony on the basis that he was not an expert.  Having failed to
make such an objection, Brooks may not now urge that Weathers’s testimony must
be disregarded as not constituting legal and competent evidence.  Israel v.
State, 258 S.W.2d 82, 84 (Tex. Crim. App. 1953).  We
overrule Brooks’s sole point of error.

The
judgment is affirmed.

 

May 3, 2012                                                                            PER
CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of: Wright, C.J.,

McCall, J., and Hill, J.[1]

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.