**Opinion filed May 3, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00130-CR

_____

## JAMES JAY BROOKS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-36,301**

## M E M O R A N D U M   O P I N I O N

James Jay Brooks appeals his conviction by a jury of theft of a value of $1,500 or more but less than $20,000. The jury assessed his punishment at two years in the Texas Department of Criminal Justice, State Jail Division. He contends in a sole point of error that the evidence is insufficient to support his conviction. We affirm.

We review a sufficiency of the evidence issue, regardless of whether it is denominated as a legal or as a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); and *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and

determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

It is undisputed that Brooks was found in possession of a stolen pickup belonging to Brandon Weathers. Brooks contends that the evidence was insufficient to prove the value of the pickup. Weathers testified that he was a mechanic, that he owned a mechanic shop, and that he had been in business for thirteen years. He indicated that he had purchased the pickup from a salvage company about four or five years previously for $2,500. He related that the pickup was worth more in pieces than it would have been together. He said he purchased it about a year before the theft. He stated that his cost alone for an axle such as the one on the pickup would be from $12,000 to $14,000, while it might be more for a person off the street. He insisted that it would have had the same value in 2007, three years before. Weathers subsequently testified that, in August 2007, the value of his pickup was substantially more than $1,500 and less than $20,000. We hold that the evidence is sufficient to support Brooks's conviction.

Brooks urges that the evidence is insufficient because Weathers was not shown to be an expert witness as to the value of his pickup. However, the owner of a vehicle is competent to testify as to its value even if not qualified as an expert on the value of the property. *Sullivan v. State*, 701 S.W.2d 905, 908 (Tex. Crim. App. 1986). We also note that Brooks made no objection at trial to Weathers's testimony on the basis that he was not an expert. Having failed to make such an objection, Brooks may not now urge that Weathers's testimony must be disregarded as not constituting legal and competent evidence. *Israel v. State*, 258 S.W.2d 82, 84 (Tex. Crim. App. 1953). We overrule Brooks's sole point of error.

The judgment is affirmed.


May 3, 2012                                        PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.