Affirmed and Opinion filed January 29, 2009








Affirmed and Opinion filed January 29, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00849-CR

____________

 

ANTONIO DELACRUZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 791853

 



 

O P I N I O N

A jury found appellant, Antonio Delacruz, guilty of capital
murder and the trial court assessed punishment at life imprisonment in the
Institutional Division of the Texas Department of Criminal Justice.  See Tex.
Penal Code Ann. ' 19.03(a)(2) (Vernon 2003).  In three
issues, appellant argues (1) the evidence is factually insufficient to prove he
intentionally caused the death of the complainant, (2) the evidence is
factually insufficient to prove the aggravating element of intent to commit
robbery, and (3) the trial court erred by refusing to instruct the jury on the
lesser-included offense of murder.  We affirm.








Facts and Procedural History

During the evening of August 31, 1998, appellant and Jose
Garcia stopped at a friend=s house where appellant, Mr. Garcia, and
David Guzman discussed robbing and setting fire to Nicholas Acosta=s house.  Shortly
thereafter, appellant and Mr. Garcia left their friend=s house and
arrived at Mr. Acosta=s residence.  Upon arrival, Mr. Acosta was
lying down on his living room couch, watching television, and the three men
talked briefly.  A little while later, the men went outside and a brief drug
transaction took place between Mr. Acosta and appellant in which appellant
purchased a small amount of cocaine.  Afterward, the men returned to Mr. Acosta=s living room,
upon which Mr. Garcia went into the restroom.  While in the restroom, Mr.
Garcia heard fighting and commotion.  Upon exiting the restroom, Mr. Garcia
observed appellant choking Mr. Acosta.  Mr. Garcia believed Mr. Acosta was
dead.  Appellant left the living room and returned with a knife and told Mr.
Garcia if he said anything or did not help him he was Anot going to make
it.@  Mr. Garcia held
Mr. Acosta down while appellant repeatedly stabbed Mr. Acosta.  Appellant gave
Mr. Garcia his keys to retrieve his truck and Mr. Garcia left Mr. Acosta=s house, taking
Mr. Acosta=s cash on the way out the door.  But instead of
retrieving the truck to pick up appellant, Mr. Garcia drove away.  After Mr.
Garcia left the scene, appellant struck Mr. Acosta in the head with a
twenty-five pound barbell more than once.  Appellant also acquired a black
duffel bag from Mr. Acosta=s residence, with cocaine inside.  Mr.
Garcia drove home and eventually called the police.  He then drove around in
appellant=s truck looking for appellant.  Mr. Garcia found
appellant walking toward the Garcia house wearing rubber gloves and holding a
black bag he did not have prior to entering Mr. Acosta=s house.  Mr.
Garcia pulled over, returned appellant=s vehicle to him,
and appellant drove away.  








After the police responded to Mr. Garcia=s report of the
murder, Houston Police Officer E. Albarado met with Mr. Garcia to get a
description of appellant and appellant=s vehicle. 
Sergeant J. Parker, responding to dispatch, drove in the direction of the crime
scene and observed a truck matching the description of appellant=s truck traveling
at a high rate of speed driven by a man matching appellant=s description. 
Sergeant Parker attempted to pull the vehicle over, upon which appellant
stopped the truck, stepped out of the vehicle, and turned toward Sergeant
Parker.  When Sergeant Parker ordered appellant to get down on the ground,
appellant jumped back in his truck, put his vehicle in reverse, and rammed the
patrol car at a high rate of speed, almost driving up through Sergeant Parker=s windshield. 
Appellant then led Sergeant Parker and other officers on a high speed chase
lasting approximately fifteen miles until appellant drove through a chain link
fence into a field.  During the chase, officers observed appellant remove his
shirt, and observed flames and smoke in the vehicle.  After the chase ended,
appellant exited the vehicle as it erupted into flames.  Subsequently,
appellant grabbed a gas can, poured gasoline onto his body, and ignited himself
with a lighter.  Appellant, his body in flames, attempted to run from
officers.  Eventually, officers caught up with appellant and were able to put
out the flames with a shirt.  Appellant was transported to a nearby hospital.

Although appellant=s truck suffered
extensive fire damage, evidence was preserved.  Appellant=s blood spattered
pants with Mr. Acosta=s blood were recovered,[1]
along with $302 in the pants pocket.  Further, charred remains of a black Nike
duffel bag which tested positive for trace amounts of cocaine was recovered
from the cab of the truck.  Additionally, Mr. Acosta=s keys were found.

On September 20, 2007, after hearing the evidence, a jury
found appellant guilty of capital murder.  The trial court sentenced appellant
to life imprisonment in the Institutional Division of the Texas Department of
Criminal Justice. 

 








Discussion

A.      Is the
evidence factually sufficient?

In appellant=s second and third
issues he argues the evidence is factually insufficient to prove (1) he
intentionally caused the death of the complainant and (2) the aggravating
element of intent to commit robbery.[2] 
According to appellant, there was sufficient evidence to show he was present at
the scene of the offense, but the only evidence tending to show his guilt was
through Mr. Garcia=s testimony, an accomplice witness, and
the State failed to meet the proper standard for corroborating his testimony. 
Additionally, appellant contends Mr. Garcia=s testimony was
greatly outweighed by contrary evidence and was too inconsistent to rationally
support a finding of guilt beyond a reasonable doubt.  He also urges there was
no other evidence of sufficient probative value to prove an intent to commit
robbery.

1.       Standard
of Review








In a factual sufficiency review, we consider all the
evidence in a neutral light.  Prible v. State, 175 S.W.3d 724, 730-31
(Tex. Crim. App. 2005).  The evidence may be factually insufficient in two
ways.  Id. at 731.  First, when considered by itself, evidence
supporting the verdict may be so weak the verdict is clearly wrong and
manifestly unjust.  Id.  Second, where the evidence both supports and
contradicts the verdict, the contrary evidence may be strong enough the
beyond-a-reasonable-doubt standard could not have been met.  Id.  In
conducting a factual sufficiency review, we must employ appropriate deference
so we do not substitute our judgment for that of the fact finder.  Jones v.
State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996).  Our analysis must
consider the evidence appellant claims is most important in allegedly
undermining the jury=s verdict.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

2.       Analysis

A person commits the offense of capital murder if he
commits murder as defined under Section 19.02(b)(1) of the Texas Penal Code,
and he intentionally commits the murder in the course of committing or
attempting to commit a robbery.  Tex. Penal Code Ann. ' 19.03(a)(2). 
Appellant argues the physical evidence does not prove he was guilty of murder
beyond a reasonable doubt.  Further, he contends the testimony of Mr. Garcia,
the accomplice witness, was so self-contradictory, implausible, and impeached,
it cannot support a finding of guilt beyond a reasonable doubt.  These
arguments fail.

Article 38.14 of the Texas Code of Criminal Procedure
states: AA conviction
cannot be had upon the testimony of an accomplice unless corroborated by other
evidence tending to connect the defendant with the offense committed; and the
corroboration is not sufficient if it merely shows the commission of the
offense.@  Code Crim. Proc.
Ann. art. 38.14 (Vernon 2005).  The Court of Criminal Appeals, in interpreting
Article 38.14, has held it is not necessary that the corroborating evidence
directly connect the defendant to the crime or that it be sufficient by itself
to establish guilt; the corroborating evidence need only tend to connect the
defendant to the offense.  Cathey v. State, 992 S.W.2d 460, 462 (Tex.
Crim. App. 1999), cert. denied, 528 U.S. 1082, 120 S.Ct. 805, 145
L.Ed.2d 678 (2000); McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim.
App. 1997), cert. denied, 522 U.S. 844, 118 S.Ct. 125, 139 L.Ed.2d 75
(1997).  If the combined weight of the non-accomplice evidence tends to connect
the defendant to the offense, the requirement of Article 38.14 has been
fulfilled.  Cathey, 992 S.W.2d at 462.  The test for sufficient
corroboration is to eliminate from consideration the accomplice testimony and
then examine the other inculpatory evidence to ascertain whether the remaining
evidence tends to connect the defendant with the offense.  McDuff, 939
S.W.2d at 612.








Here, the physical evidence is sufficient to corroborate
Mr. Garcia=s testimony that appellant committed the offense.  Mr.
Garcia testified appellant intended to rob Mr. Acosta and then set fire to his
residence.  He also testified appellant caused the death of Mr. Acosta by
stabbing him with a knife.  Further, he testified he saw appellant after the
offense carrying a black duffel bag appellant did not possess prior to entering
Mr. Acosta=s house. 

After eliminating from consideration Mr. Garcia=s testimony, the
following corroborating evidence exists.  The corroborating evidence remaining
includes the blood spatter on appellant=s pants which
demonstrates appellant was in close proximity to Mr. Acosta when he was
attacked.  The size,
shape, and distribution of the blood spatter pattern on appellant=s pants were similar to the patterns
found at the scene of the offense.  Furthermore, investigators found traces of
cocaine in a black Nike duffel in appellant=s truck along with
$302 in cash and Mr. Acosta=s keys.  Additionally, appellant=s flight from
Sergeant Parker and other officers from near the scene of the offense serves as
additional circumstantial evidence of his guilt.  Allen v. United States,
164 U.S. 492, 498-99, 17 S.Ct. 154, 156, 41 L.Ed. 528 (1896); see Fentis v.
State, 582 S.W.2d 779, 781 (Tex. Crim. App. 1976) (holding evidence of
flight connected with the offense is relevant as circumstantial bearing upon
guilt).  When eliminating from consideration Mr. Garcia=s testimony, we
hold the remaining evidence, recounted above, tends to connect appellant with
the offense.  Thus, Mr. Garcia=s testimony is sufficiently corroborated.








Furthermore, even if Mr. Garcia=s trial testimony
contradicted his prior statements to investigators, it is the responsibility of
the jury to resolve any conflicts in the testimony.  See Jones v.
State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998) (holding a jury may
believe or disbelieve all or part of any witness= testimony and
decide the weight and credibility to attribute to the witness= testimony). 
Here, after hearing the evidence, the jury is entitled to believe appellant
committed the offense.  See Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim.
App. 2000) (holding the jury is the sole judge of the facts, the credibility of
the witnesses, and weight to be given to the evidence).

Viewing the evidence in a neutral light, we hold the
evidence supporting the verdict is neither so weak the verdict is clearly wrong
and manifestly unjust, nor is the contrary evidence so strong the
beyond-a-reasonable-doubt standard could not have been met.  See Prible,
175 S.W.3d at 730-31.  Thus, the evidence is factually sufficient to support
appellant=s conviction.  We overrule appellant=s second and third
issues.

B.      Did the
trial court err by refusing to instruct the jury on the lesser-included offense
of murder?

In appellant=s first issue, he
contends the trial court erred by refusing to instruct the jury on the
lesser-included offense of murder.  Appellant argues he was entitled to the
instruction because the State failed to prove he committed the murder during
the course of committing a robbery.  Specifically, appellant contends the
evidence does not show he formed the intent to take property from Mr. Acosta at
or before the time he killed him; rather the evidence shows the taking was an
afterthought, or alternatively, no property was appropriated at all.

1.       Standard
of Review








A defendant is entitled to an instruction on a
lesser-included offense if (1) the lesser- included offense is a
lesser-included offense of the charged offense and (2) there is some evidence
in the record that would permit a jury rationally to find that if the defendant
is guilty, he is guilty only of the lesser offense.  Guzman v. State,
188 S.W.3d 185, 188 (Tex. Crim. App. 2006).  In making this determination, we
must review all the evidence admitted at trial.  Enriquez v. State, 21
S.W.3d 277, 278 (Tex. Crim. App. 2000); Paz v. State, 44 S.W.3d 98, 100
(Tex. App.CHouston [14th Dist.] 2001, pet. dism=d).  If more than
a scintilla of evidence from any source raises the issue that the defendant is
guilty only of the lesser- included offense, the instruction must be
submitted.  Forest v. State, 989 S.W.2d 365, 367 (Tex. Crim. App. 1999);
Paz, 44 S.W.3d at 100.  Credibility of the evidence and whether it
conflicts with other evidence is not to be considered when determining whether
the jury should have been charged with a lesser-included offense.  Banda v.
State 890 S.W.2d 42, 60 (Tex. Crim. App. 1994), cert. denied, 515
U.S. 1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995); Paz, 44 S.W.3d at
100.

2.       Analysis

Appellant was charged with capital murder for intentionally
or knowingly causing the death of an individual while in the course of
committing or attempting to commit a robbery.  See Tex. Penal Code Ann. ' 19.03(a)(2).  A
person commits the offense of murder if he intentionally or knowingly causes
the death of an individual.  See Tex. Penal Code Ann. ' 19.02(b)(1)
(Vernon 2003).

Under prong one of the standard for determining whether a
defendant is eligible for a jury charge on a lesser-included offense , we
compare the elements of the charged offense, as modified by the indictment,
with the elements of the lesser offense that might be added to the jury
charge.  Guzman, 188 S.W.3d at 188.  We compare the elements of both
offenses to determine whether, in proving the offense as charged, the State
necessarily had to prove all the elements of the lesser offense, plus something
more.  Id. at 189 & n.7 (applying Code (Tex. Crim. App. Proc. Ann.
art. 37.09 (Vernon 2006)).  If prong one is met, we then consider, under prong
two, whether there is some evidence from which a jury rationally could find
that, if defendant is guilty, he is guilty only of the lesser offense.  Id.
at 189.  At this step of the analysis, Athe evidence must
establish the lesser-included offense as a valid, rational alternative to the
charged offense.@  Hall v. State, 225 S.W.3d 524,
536 (Tex. Crim. App. 2007).          








Here, the elements of capital murder, as alleged in the
indictment, are that (1) the defendant, (2) while in the course of committing
and attempting to commit a robbery of complainant, (3) intentionally caused the
death of the complainant by cutting the complainant with a deadly weapon,
namely, a knife.  See Tex. Penal Code Ann. ' 19.03(a)(2).  The
elements of the lesser offense of murder are (1) the defendant, (2)
intentionally or knowingly, (3) causes the death of an individual.  Id. ' 19.02(b)(1).  The
first prong of the test is met because the Texas Court of Criminal Appeals has
recognized that intentional murder is a lesser-included offense of capital
murder.  Robertson v. State, 871 S.W.2d 701, 706 (Tex. Crim. App. 1993),
cert. denied, 513 U.S. 853, 115 S.Ct. 155, 130 L.Ed.2d 94 (1994). 
Hence, appellant was entitled to a charge on a lesser-included offense if prong
two is met, that is, if there is some evidence in the record that would permit
a jury rationally to find that, if guilty, appellant was only guilty of the
lesser offense of murder.  See Guzman, 188 S.W.3d at 189.








Here, to support the charge of capital murder, the State
was required to prove that appellant=s intent to rob
Mr. Acosta was formed before or at the time of the murder.  See Conner v.
State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001).  Proof that a robbery
occurred as an afterthought and unrelated to the murder does not support a
charge of capital murder.  Id.  If the requisite intent to commit a
robbery was formed prior to or at the time of the murder, the element of
appropriation may occur after the murder.  See Nelson v. State, 848
S.W.2d 126, 132 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 830, 114
S.Ct. 100, 126 L.Ed.2d 66 (1993).  We consider whether there is some evidence
that would permit a jury rationally to find that appellant had not formulated
an intent to rob Mr. Acosta before or as he killed him.  See Robertson,
871 S.W.2d at 706.  If there is some evidence which negates the aggravating
element or the greater offense, or if the evidence of such aggravating element
is so weak that a rational jury might interpret it in such a way as to give it
no probative value, then appellant was entitled to a charge on the
lesser-included offense.  Id.  Here, appellant argues (1) the evidence
of his intent to commit robbery is so weak that a rational jury might give it
no probative value, (2) there is some evidence that negates the aggravating
element of robbery and (3) the evidence is subject to a different
interpretation concerning the motive for murder.  We address each contention in
turn.

a.       Appellant
argues the evidence of appellant=s intent to commit
robbery is so weak that a rational jury might give it no probative value








In his first argument, appellant argues the evidence of
appellant=s intent to commit robbery is so weak a rational jury
might give it no probative value.  First, appellant directs us specifically to
the testimony of appellant=s accomplice, Mr. Garcia, as being
inconsistent and implausible.  Appellant argues the only evidence of appellant=s intent to commit
robbery is Mr. Garcia=s testimony.  He further argues Mr. Garcia=s conflicting
accounts of the alleged plans made prior to the offense are so inconsistent
that a rational jury might give Mr. Garcia=s testimony no
probative value.  Appellant cites no authority to support his contention, and
we find no merit in his argument.  Tex. R. App. P. 38.1(h).  First, as to the
conflicting accounts presented by Mr. Garcia, it is the role of the fact finder
to assess a witness= credibility and resolve conflicts in the
evidence.  See Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App.
1984), cert. denied, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985)
(examining jury=s role in evaluating witness= credibility); Bowden
v State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982) (examining jury=s role in resolving
conflicts).  Here, the jury was entitled to believe Mr. Garcia=s testimony and
give it whatever probative value it deemed appropriate.  Further,
circumstantial evidence was presented at trial to corroborate Mr. Garcia=s testimony of
appellant=s intent to commit robbery.  The evidence presented
showing appellant=s intent to commit robbery is the
following: Mr. Acosta=s keys were found in appellant=s truck, trace
amounts of cocaine were found in appellant=s truck, and $302
in cash was found in appellant=s pants pocket.  The accomplice-witness
rule is satisfied because there is some non-accomplice evidence that tends to
connect appellant to the commission of the offense.  See Cathey, 992
S.W.2d at 462.

Second, appellant contends the physical evidence purporting
to show actual appropriation of property is tenuous at best.  He argues Mr.
Acosta=s keys found in
appellant=s truck is not compelling evidence because Mr. Garcia
testified he took Mr. Acosta=s keys himself.  Appellant also argues it
is implausible that a murder would be committed in order to facilitate the
theft of a set of keys.  As for the trace amounts of cocaine found in appellant=s truck, he argues
the jury would have to resort to speculation in order to conclude the residue
resulted from the robbery since Mr. Garcia testified he used cocaine that
evening and saw appellant buy a bag of cocaine from Mr. Acosta.  Furthermore,
appellant argues the presence of the $302 in appellant=s possession is
speculative as robbery proceeds because Mr. Garcia testified he took some money
from Mr. Acosta=s house that he left in appellant=s truck, but gave
no indication as to the amount or denomination.

Appellant=s arguments that the evidence is
contradictory is not for our determination.  It is the role of the fact finder
to assess witness= credibility and to resolve conflicts in
the evidence.  See Bonham, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984)
(examining jury=s role in evaluating witness= credibility); Bowden,
628 S.W.2d at 784 (examining jury=s role in
resolving conflicts).  Here, the jury is entitled to disregard Mr. Garcia=s testimony and
infer from the evidence that appellant appropriated the property from Mr.
Acosta.  After reviewing the record, we cannot conclude that the evidence of
such aggravating element is so weak that a rational jury might interpret it in
such a way as to give it no probative value.  See Robertson, 871 S.W.2d
at 706.

 

 








b.       Appellant
contends there is some evidence that negates the aggravating element of robbery

In his second argument, appellant contends there is some
evidence that negates the aggravating element of robbery.  First, appellant
argues that since he and Mr. Garcia took no  weapons to the scene, it negates a
theory of a planned robbery.  Appellant cites no authority for this argument
and we conclude it lacks merit.  Tex. R. App. P. 38.1(h).  The State does not
have the burden to show appellant formed the intent to commit the robbery prior
to arriving at the scene of the offense, but must only show appellant formed
the requisite intent to commit robbery prior to or at the time of the murder.  Nelson,
848 S.W.2d at 132.  Thus, whether appellant brought weapons to the scene or
formed his intent prior to arriving at Mr. Acosta=s residence is
irrelevant.

Second, appellant contends the evidence that he did not
take other specific items, namely, a pile of marijuana, Mr. Acosta=s wallet with cash
inside, Mr. Acosta=s gun, Mr. Acosta=s watch and
necklace, Mr. Acosta=s car, and other valuables, supports the
contention that he took Mr. Acosta=s keys, cocaine,
and $302 in cash only as an afterthought.  The State was required to show the
murder was committed Ain the course of committing or attempting
to commit a robbery.@  See Tex. Penal Code Ann. ' 19.03(a)(2). 
Thus, even evidence of an attempt to commit a robbery would suffice.  As such,
the statute does not require that the State show an actual appropriation of any
property, let alone specific items.  See Bustamante v. State, 106 S.W.3d
738, 740 (Tex. Crim. App. 2003); see Castillo v. State, 221 S.W.3d 689,
693-94 (Tex. Crim. App. 2007) (concluding that existence of money and jewelry
left behind in victim=s possession does not negate that murder
was in course of robbery).  A jury rationally could conclude that appellant
removed Mr. Acosta=s property, intending to take it, prior to
committing the murder.  

 








c.       Appellant
contends the evidence is subject to a different interpretation concerning the
motive for the murder.  

In his third argument, appellant contends the evidence is
subject to a different interpretation concerning the motive for the murder. 
Appellant urges his motive for killing Mr. Acosta was because Mr. Acosta was
taking appellant=s customers and was affiliated with a
violent street gang.  We agree in some instances, an instruction on a
lesser-included offense may be required when evidence is subject to different
interpretations.  Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim.
App. 1992).  For example, if the evidence raises two inferences regarding
appellant=s culpable mental state, then the jury should be
instructed on both inferences.  Thomas v. State, 699 S.W.2d 845, 851
(Tex. Crim. App. 1985).  However, this rule is not applicable here.  First, as
the State points out, there is nothing in the record to support appellant=s contentions that
Mr. Acosta was taking his customers or Mr. Acosta was in a violent street
gang.  Further, motive is not an element of murder,[3]
thus the State does not have to prove appellant=s motive for killing
Mr. Acosta.  Clayton v. State, 235 S.W.3d 772, 781 (Tex. Crim. App.
2007).

We cannot conclude the evidence of such aggravating element
is so weak that a rational jury might interpret it in such a way as to give it
no probative value.  See Robertson, 871 S.W.2d at 706.  In addition,
appellant failed to demonstrate there is evidence from which a jury rationally
could find that, if defendant is guilty, he is guilty only of the lesser
offense.  Guzman, 188 S.W.3d at 189.   Thus, we cannot conclude the
evidence establishes the lesser-included offense of murder as a valid, rational
alternative to the charged offense.  See Hall, 225 S.W.3d at 536. 
Accordingly, we overrule appellant=s first issue.








Conclusion

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

                                                                             


                                                                              

                                                                            


/s/      John S. Anderson

Justice

 

 

Panel consists of
Justices Anderson, Frost, and Senior Justice Hudson.*

Publish C Tex. R. App. P. 47.2(b).









[1]  Christopher Duncan, a police officer with the City
of Houston, testified the size, shape, and distribution of the blood spatter
pattern on appellant=s pants were similar to the patterns found at the
scene of the offense.





[2]  Because a factual-sufficiency review begins with the
presumption that the evidence supporting the jury=s verdict is legally sufficient, and because appellant challenges only
the factual sufficiency of the evidence, appellant effectively concedes the
evidence is legally sufficient to sustain the conviction.  See Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997); Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996).





[3]  Appellant cites Rushing as holding that
defendant was not entitled to instruction on lesser-included offense of murder
where no evidence was presented of any alternative motive for the murder.  See
Rushing v. State, 50 S.W.3d 715, 732-33 (Tex. App.CWaco 2001), aff=d,
85 S.W.3d 284 (Tex. Crim. App. 2002).  This is not the holding of Rushing. 
Rushing requires an alternative culpable mental state (i.e.
intent) to entitle defendant to an instruction on the lesser-included offense.